UNTIED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No:

DAVID BALDWIN,

    Plaintiff,

vs.

ANTHONY FOXX, in his official capacity as Secretary Of The United States Department Of Transportation, and MICHAEL P. HUERTA, in his official capacity as Administrator Federal Aviation Administration,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, David Baldwin, sues Defendants Anthony Foxx, in his official capacity as Secretary of the United States Department of Transportation, and Michael P. Huerta, in his official capacity as Administrator Federal Aviation Administration ("Defendants"), and states the following:

### **Introduction**

1. Plaintiff, David Baldwin ("Plaintiff" or "Mr. Baldwin") is a former employee of Defendants, and sues Defendants under the discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") for sex discrimination (sexual orientation) and retaliation. Plaintiff seeks back pay, compensatory damages, punitive damages, reinstatement or front pay, injunctive relief and attorney's fees.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. Plaintiff claims that Anthony Foxx, as the Secretary of the Department of Transportation violated the Federal Civil Rights statute that prohibits employers from discriminating against employees in the terms and conditions of employment because of their sex.

3. Plaintiff claims that Michael P. Huerta, as the Administrator of the Federal Aviation Administration, violated the Federal Civil Rights statute that prohibits employers from discriminating against employees in the terms and conditions of employment because of their sex.

4. Specifically, Mr. Baldwin claims that Anthony Foxx and Michael P. Huerta violated his Federal Civil Rights when they denied him a promotion to a permanent positon as a Front Line Manager at Miami Tower TRACON ("Miami Tower") because of his sex.

**Jurisdiction, Venue And Parties**

5. This is an action arising under, *inter alia*, Title VII.  This Court has federal-question jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

6. Plaintiff, David Baldwin, is a male who at all times material was employed by Defendant as a non-permanent Front Line Manger ("FLM"), from approximately October 21, 2010 to October 31, 2013 at the Miami Tower facility located at 6400 N.W. 22nd Ct. Miami Florida 33122.

7. Venue is proper in the Miami Division of the United States District Court for the Southern District of Florida because the claims arose in Miami-Dade County, Florida.

8. Plaintiff was employed as a non-permanent Front Line Manager at the Federal Aviation Administration ("FAA").

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

**Satisfaction Of Conditions Precedent**

9. On August 28, 2012, Plaintiff contacted an EEOC counselor and on December 21, 2012 timely filed a formal EEO complaint. Plaintiff alleged that the FAA subjected Plaintiff to discrimination on the bases of his sex (male, sexual orientation) when on July 26, 2012 he learned he was not selected for a permanent position as a FLM at the Miami Tower facility.

10. The FAA accepted the complaint for investigation and on July 12, 2013 the FAA issued its Final Agency Decision ("FAD").

11. The FAA did not address the merits of Plaintiff's EEO claim, instead the FAA dismissed the claim on the grounds that it had not been timely filed (45 days) as required by the EEOC regulations.

12. Plaintiff timely appealed the FAA's decision dismissing his EEO complaint as "untimely" to the EEOC on August 18, 2013.

13. On July 15, 2015, the EEOC reversed the FAA's dismissal and remanded the issue for further administrative processing.

14. Furthermore, the July 15, 2015 EEOC decision stated that Mr. Baldwin's allegations of discrimination on the basis of his sexual orientation state a claim of discrimination on the basis of sex within the meaning of Title VII.

15. The July 15, 2015 EEOC decision is binding upon federal agencies, including the FAA.

16. Plaintiff was given the option of filing a civil action in an appropriate United States District Court within 90 calendar days from the date [Plaintiff] received [the EEOC] decision.

17. All conditions precedent to the bringing of this action have been satisfied or waived.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## The Applicable Statutes

18. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part at 42 U.S.C. § 2000e-2(a) as follows:

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex ...; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race [or] sex....

## Facts Common to Counts I & II

19. Plaintiff is a member of a protected class.

20. Plaintiff is male and gay.

21. At all times mentioned in this cause of action, all provisions of Title VII of the Civil Rights Act of 1964, as amended were in full force and effect and were binding on Defendants.

22. Plaintiff was a temporary FLM working at Miami Tower pursuant to Vacancy Announcement Number: ASO-ATO-10-A181-124846.

23. At all times relevant to this suit, Juan Fuentes and Mark Scott were Plaintiff's supervisors while he worked at Miami Tower.

24. Juan Fuentes was responsible for making decisions regarding the terms of Plaintiff's employment and was aware Plaintiff is male and gay.

25. Plaintiff's direct supervisor Mark Scott provided input to Juan Fuentes which affected the terms and conditions of Plaintiff's employment. Mark Scott was aware Plaintiff is male and gay.

4

26. In 2011 and 2012 at least three other persons less qualified, and outside of Plaintiff's protect class, were promoted to permanent FLM positions at Miami Tower.

27. Vacancy Announcement ASO-ATO-12-A194-26194 was open from June 11 through June 25, 2012 for a permanent Front Line Manager position at Miami Tower.

28. Plaintiff's supervisor, Juan Fuentes was the selecting official for the open permanent FLM position.

29. Plaintiff's supervisor Mark Scott provided input to Juan Fuentes regarding the selection of a candidate for promotion to permanent FLM at Miami Tower pursuant to Vacancy Announcement ASO-ATO-12-A194-26194.

30. As a temporary FLM, Plaintiff was in a position to be allocated to a permanent FLM position without having to apply.

31. On several occasions, Plaintiff discussed with his supervisor(s) his desire to be promoted to a permanent FLM position at Miami Tower.

32. Plaintiff was qualified for the permanent FLM position at Miami Tower.

33. A less qualified person, outside of Plaintiff's protected class, was offered the ASO-ATO-12-A194-26194 position for the permanent FLM position at Miami Tower.

34. At least in part because Plaintiff is male and gay, he was not chosen for the permanent FLM position at Miami Tower.

**Count I**
**Sex Discrimination (Sexual Orientation Discrimination) In Violation of Title VII**

35. Plaintiff re-alleges paragraphs 1 through 34 of the Complaint as set forth above.

36. Disparaging remarks concerning Plaintiff's sexual orientation were made by Mark Scott, Plaintiff's direct supervisor.

5

37. Plaintiff once mentioned that he and his same sex partner attended Marti Gras in New Orleans. Plaintiff's direct supervisor Mark Scott told Plaintiff "we don't need to hear about that gay stuff."

38. On several occasions Plaintiff was told he was "a distraction in the radar room" when he participated in conversations that included mentioning his same sex partner.

39. After mentioning that Plaintiff's same sex partner prepared his lunch that he brought to work each day, Plaintiff's direct supervisor Mark Scott stated the " comment was inappropriate" and to "get out of the radar room with that kind of talk."

40. Plaintiff was threatened with disciplinary action if he did not report to work even though he was ill. When Plaintiff showed up for work he was threatened with disciplinary action because he reported for work "unfit for duty."

41. Employees in relationships with partners of the opposite sex were not subjected to a hostile work environment by Plaintiff's supervisors.

42. The fact that Plaintiff is male and gay was a motivating factor in the decision to not promote Plaintiff to the permanent FLM position at Miami Tower.

43. Plaintiff was singled out due to his sexual orientation and treated differently than heterosexual co-workers by his supervisors.

44. Plaintiff was singled out due to his sexual orientation and treated differently than heterosexual co-workers by his supervisors due to inappropriate gender stereotyping.

45. The motivating factor in not promoting Plaintiff to permanent FLM position at Miami Tower was because of his sex.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

46. Defendants' decision to not promote Plaintiff to the permanent FLM position at Miami Tower was based upon the recommendation of Plaintiff's supervisor.

47. The fact that Plaintiff is a male and gay was a motivating factor in the supervisor's recommendation.

48. As a direct, natural and proximate result of the treatment by Defendants, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. Defendants' treatment of Plaintiff has also caused him irreparable harm through the violation of his federal statutory rights against sex discrimination, for which there is no adequate remedy at law.

50. Plaintiff is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

**WHEREFORE**, Plaintiff, David Baldwin prays that this Court will grant judgment:

**One**, awarding judgment against ANTHONY FOXX and MICHAEL P. HUERTA, for the back pay, front pay and benefits to which Mr. Baldwin would have been entitled but for Defendants' sexually discriminatory acts in violation of Title VII;

**Two**, awarding judgment against ANTHONY FOXX and MICHAEL P. HUERTA for compensatory damages for emotional pain and suffering;

**Three**, awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k);

**Four,** prejudgment interest on damages awarded for past, but not future injuries

**Five**, granting such other and further relief as is just.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## Count II –  Retaliation In Violation of Title VII

51. Plaintiff re-alleges paragraphs 1 through 34 of the Complaint as set forth above.

52. Plaintiff alleges he was retaliated against in violation of the Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e–3(a).

53. Plaintiff engaged in a statutorily protected activity when Plaintiff complained to the Accountability Board that he was subjected to harassment at work due to his sexual orientation (gay male). [1]

54. On or about November 17, 2012, Plaintiff filed an Accountability Board complaint alleging that he was being subjected to harassment at work due to his sex (sexual orientation).

55. On or about December 21, 2012, Plaintiff filed his formal EEO complaint.

56. Subsequent to his complaint, Plaintiff's supervisors retaliated against him by not promoting Plaintiff to a permanent FLM position.

57. The decision to not promote Plaintiff to a permanent FLM position was caused in part by Plaintiff's complaints.

58. Because of the retaliation by his supervisors and the fact that Plaintiff was not promoted to a permanent FLM position at Miami Tower, Plaintiff's chances for promotion(s) within the FAA, that would have allowed Plaintiff to continue his career, were severely affected.

59. Plaintiff has suffered damages as a proximate or legal result of Defendants' retaliation and failure to promote Plaintiff to a permanent FLM position at Miami Tower.

**WHEREFORE**, Plaintiff, David Baldwin prays that this Court will grant judgment:

---

[1] The FAA Accountability Board's purpose is to provide oversight and ensure that management is accountable for responding to allegations of sexual harassment, misconduct of a sexual nature, harassment or other misconduct based on race, color, religion, sex, national origin, sexual orientation, age, and disability and related reprisal.

8

**One**, awarding judgment against ANTHONY FOXX and MICHAEL P. HUERTA, for the back pay and benefits to which Mr. Baldwin would have been entitled but Defendants' retaliation;

**Two**, awarding judgment against ANTHONY FOXX and MICHAEL P. HUERTA for compensatory damages for emotional pain and suffering;

**Three**, awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k);

**Four,** prejudgment interest on damages awarded for past, but not future injuries

**Five**, granting such other and further relief as is just.

## Demand for Jury Trial

Plaintiff, David Baldwin, demands trial by jury on all issues so triable.

Respectfully Submitted October 13, 2015,

> /s Lowell J. Kuvin, Esq.
> Lowell J. Kuvin
> Fla. Bar No.:53072
> lowell@kuvinlaw.com
> Law Office of Lowell J. Kuvin
> 17 East Flagler St. Suite 223
> Miami Florida 33131
> Tele:   305.358.6800
> Fax:    305.358.6808
> *Attorney for Plaintiff*

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808