UNTIED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23825-CIV-WILLIAMS

DAVID BALDWIN,

    Plaintiff,

v.

ANTHONY FOXX, in his official capacity
as Secretary of The United States
Department of Transportation, and
MICHAEL P. HUERTA, in his
official capacity as Administrator Federal
Aviation Administration,

    Defendants.
_____/

## ANSWER

Defendants, Anthony Foxx, in his official capacity as Secretary of the United States Department of Transportation, and Michael P. Huerta, in his official capacity as Administrator of the Federal Aviation Administration ("FAA"), by and through undersigned counsel, answers the Complaint as follows:

Defendants respond to the numbered paragraphs of the Complaint as follows:

### INTRODUCTION[1]

1.) Defendants admit that Plaintiff is a former employee of the FAA. The remainder of Paragraph 1 contains plaintiff's description of the statutory basis for his case and claim for damages, to which no response is required. To the extent that an answer is deemed required to these allegations, they are denied.

---

[1] In this Answer, Defendants have replicated the headings from Plaintiff's Complaint only to assist the Court in matching Defendants' responses to Plaintiff's allegations in the Complaint. Defendants deny the headings in the Complaint, as alleged.

2.) Paragraph 2 contains plaintiff's characterization of his claim for relief, to which no response is required. To the extent that an answer is deemed required to these allegations, they are denied.

3.) Paragraph 3 contains plaintiff's characterization of his claim for relief, to which no response is required. To the extent that an answer is deemed required to these allegations, they are denied.

4.) Paragraph 4 contains plaintiff's characterization of his claim for relief, to which no response is required. To the extent that an answer is deemed required to these allegations, they are denied.

## JURISDICTION, VENUE AND PARTIES

5.) The first sentence in Paragraph 5 contains a characterization of this civil action to which no response is required. Defendants deny that it violated Title VII. The second sentence in Paragraph 5 is a conclusion of law regarding jurisdiction, to which no response is required.

6.) Defendants admit that Plaintiff is male and was employed by the FAA. Defendants further admit that Plaintiff filled a temporary Front Line Manager position with the FAA at the Miami Tower facility, beginning approximately October 21, 2010 Defendants deny the remaining allegations contained in paragraph 6.

7.) Paragraph 7 contains conclusions of law as to venue, to which no responses are required.

8.) Defendants admit that Plaintiff was previously employed at the FAA and that he previously filled a temporary Front Line Manager position at the FAA.


## SATISFACTION OF CONDITIONS PRECEDENT

9.) Defendants admit that Plaintiff contacted an EEO counsellor on August 28, 2012 and filed a formal administrative complaint of discrimination on December 21, 2012. Defendants deny the remaining allegations contained in paragraph 9.

10.) Defendants admit that the Department of Transportation (DOT) accepted the complaint for investigation and issued a Final Agency Decision (FAD). Defendants deny the remaining allegations contained in paragraph 10.

11.) Defendants admit that the DOT dismissed the claim as untimely. Defendants deny the remaining allegations contained in paragraph 11.

12.) Defendants admit that Plaintiff filed an appeal with the EEOC on August 18, 2013. Defendant denies the remaining allegations contained in paragraph 12.

13.) Defendants admit that on July 15, 2015, the EEOC remanded the claim for further administrative processing pursuant to 29 C.F.R. § 1614. Defendant denies the remaining allegations contained in paragraph 12.

14.) Defendants admit the allegations in paragraph 14.

15.) Paragraph 15 contains conclusions of law as to which no response is required. If a response is required, denied.

16.) The Defendants admit that the EEOC provided notice to Plaintiff of his options upon receipt of the EEOC decision on his appeal.

17.) Paragraph 17 contains conclusions of law as to which no response is required. If a response is required, denied.

## THE APPLICABLE STATUTES

18.) The allegation contained in paragraph 18 is an excerpt from Title VII of the Civil Rights Act and does not require an answer. If a response is required, denied.

## FACTS COMMON TO COUNTS I & II

19.) Paragraph 19 contains conclusions of law as to which no response is required. If a response is required, denied.

20.) Admit.

21.) Paragraph 21 contains conclusions of law as to which no response is required. If a response is required, denied.

22.) Admit.

23.) Admit.

24.) Defendants admit that Juan Fuentes was aware Plaintiff is a male and identified as being gay. Defendants further admit that, as Plaintiff's supervisor, Mr. Fuentes made some decisions regarding the terms of Plaintiff's employment with the FAA. Defendants deny the remaining allegations contained in paragraph 24.

25.) Defendant admits that Mark Scott was aware that Plaintiff was male and identified as gay. The Defendant lacks sufficient information to form a belief as to the remaining allegations contained in paragraph 25 and therefore denies the allegations.

26.) Denied.

27.) Admit.

28.) Defendants admit that Juan Fuentes was the selecting official for the vacancy announcement referenced in paragraph 27 of the complaint.

29.) Upon information and belief, Defendants admit that Mark Scott spoke with Juan Fuentes about the vacancy announcement referenced at paragraph 27 of the complaint. The Defendant lacks sufficient information to form a belief as to whether Mark Scott "provided input to Juan Fuentes regarding the selection of a candidate for promotion" to the vacancy announcement referenced in this paragraph.

30.) Denied.

31.) Defendants are without sufficient information to admit or deny the factual allegations contained in this paragraph and therefore deny the allegations.

32.) Denied.

33.) Denied.

34.) Denied.

## COUNT I
## SEX DISCRIMINATION (SEXUAL ORIENTATION DISCRIMINATION) IN VIOLATION OF TITLE VII

35.) This paragraph incorporates by reference Defendants' responses to paragraphs 1-34.

36.) Denied.

37.) The defendant is without sufficient information to admit or deny the factual allegations of this paragraph and therefore deny the allegations.

38.) The defendant is without sufficient information to admit or deny the factual allegations of this paragraph and therefore deny the allegations.

39.) The defendant is without sufficient information to admit or deny the factual allegations of this paragraph and therefore deny the allegations.

40.) The defendant is without sufficient information to admit or deny the factual allegations of this paragraph and therefore deny the allegations.

41.) Defendants admit this allegation but clarify that no employees were subject to a hostile work environment regardless of the sex of their respective partners.

42.) Denied.

43.) Denied.

44.) Denied.

45.) Denied.

46.) Denied.

47.) Denied

48.) Denied

49.) Paragraph 49 contains conclusions of law as to which no response is required.  If a response is required, denied.

50.) Paragraph 50 contains conclusions of law as to which no response is required.  If a response is required, denied.

## PRAYER FOR RELIEF

The remaining paragraphs in Count I beginning with "WHEREFORE" constitute Plaintiff's prayer for relief to which no answer is necessary.  If an answer is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.  Any compensatory damages award would be limited by 42 U.S.C. § 1981a, and relief may be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

51.) This paragraph incorporates by reference Defendants' responses to paragraphs 1-34 of the complaint.

52.) Paragraph 52 sets forth Plaintiff's characterization of the legal basis for his claim, to which no response is required.  If a response is deemed required, Defendants deny the allegations.

53.) Paragraph 53 contains legal conclusions as to which no response is required.  If a response is deemed required, Defendants denies the allegations.

54.) Defendants admit that, on or about November 17, 2012, Plaintiff filed a complaint with FAA's Accountability Board alleging discrimination.  Defendants deny that Plaintiff was subjected to harassment at work due to his sex (sexual orientation).

55.) Admit.

56.) Denied.

57.) Denied.

58.) Denied.

59.) Paragraph 59 contains legal conclusions as to which no response is required.  If a response is deemed required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remaining paragraphs in Count II beginning with "WHEREFORE" constitute Plaintiff's prayer for relief to which no answer is necessary.  If an answer is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.  Any compensatory damages award would be limited by 42 U.S.C. § 1981a, and relief may be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## JURY TRIAL DEMAND

This paragraph contains Plaintiff's request for a jury trial, to which no answer is required.

Except for the specific admissions above, Defendants hereby specifically deny all of the allegations of Plaintiff's complaint not herein before otherwise answered.

### DEFENSES AND AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

#### SECOND DEFENSE

Plaintiff failed to exhaust his administrative remedies.

#### THIRD DEFENSE

Plaintiff failed to comply with the time limits for filing an administrative claim.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

s/Anthony Erickson-Pogorzelski
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fax: (305) 530-7139
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/Anthony Erickson-Pogorzelski
Assistant United States Attorney